**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOYCE L. SNYDER** | **:** | Case No. _____ |
| 8478 Sunfish Lane | **:** | |
| Maineville, Ohio 45039 | **:** | Judge _____ |
| | **:** | |
| And | **:** | |
| | **:** | **COMPLAINT** |
| **KENNETH N. CHARD** | **:** | |
| 8478 Sunfish Lane | **:** | |
| Maineville, Ohio 45039 | **:** | |
| | **:** | |
| And | **:** | |
| | **:** | |
| **JOHN GUTZWILLER** | **:** | |
| 6406 Hughes Ridge Lane | **:** | |
| Liberty Township, Ohio 45011 | **:** | |
| | **:** | |
| Plaintiffs, | **:** | |
| | **:** | |
| v. | **:** | |
| | **:** | |
| **ASCENSUS, LLC**, a Delaware Limited | **:** | |
| Liability Company, | **:** | |
| 200 Dryden Road | **:** | |
| Dresher, Pennsylvania 19025 | **:** | |
| | **:** | |
| **Also Serve via Statutory Agent**: | **:** | |
| National Registered Agents, Inc. | **:** | |
| 160 Greentree Drive, Suite 101 | **:** | |
| Dover, Delaware 19904 | **:** | |
| | **:** | |
| **Also Serve via Statutory Agent**: | **:** | |
| The Corporation Trust Company | **:** | |
| Corporation Trust Center | **:** | |
| 1209 Orange Street | **:** | |
| Wilmington, Delaware 19801 | **:** | |
| | **:** | |
| Defendants. | **:** | |

Now comes Plaintiffs Joyce L. Snyder. ("Snyder" or "Plaintiff"), Kenneth N. Chard

("Chard" or "Plaintiff"), and John Gutzwiller ("Gutzwiller" or "Plaintiff") (collectively

"Plaintiffs" or "Sellers") and for their complaint against Defendants Ascensus, LLC ("Buyer" or "Defendant"), hereby state as follows:

## SUMMARY AND NATURE OF ACTION

1.     This complaint presents claims for declaratory judgment, breach of contract and alternative equitable claims of quantum meruit, promissory estoppel and unjust enrichment.

2.     Plaintiffs as Sellers, and Defendant as Buyer entered into a Stock Purchase Agreement dated March 19, 2018 (the "Purchase Agreement") (Attached hereto [Redacted][1]) for the sale and purchase of all of the shares of Chard, Snyder & Associates, Inc., an Ohio corporation ("Chard Snyder" or "Company").

3.     Chard Snyder is a third party administrator, which provides administrative services for employee benefits including health savings accounts, health reimbursement arrangements and flexible spending accounts, as well as benefit continuation services such as COBRA, FMLA leave administration, retiree billing administration and commuter benefits,  and has its principal place of business in Warren County, Ohio.

4.     Attached to and/or otherwise incorporated into the Purchase Agreement are several additional agreements including but not limited to disclosure schedules which modify and limit the representations and warranties provided in the Purchase Agreement.

5.     The Purchase Agreement is governed by Delaware law.

---

[1] The Purchase Agreement contains provisions requiring that some terms and conditions be treated as confidential, and all of the exhibits to this complaint discuss or refer to the Purchase Agreement. Out of an abundance of caution, Plaintiffs are filing this initial complaint with some portions redacted and without exhibits.  Plaintiff will file a separate motion for protective order for purposes of seeking to file the exhibits and remaining portions of the Complaint under seal.

6.     The "Closing" of the transactions contemplated by the Purchase Agreement occurred on or about April 2, 2018 with an effective date of 12:01 a.m. New York City Time, on April 1, 2018.

7.     After the Closing, Defendant made a series of knowing and willful misrepresentations in conjunction with knowingly and willfully breaching the terms of the Purchase Agreement, proximately causing Plaintiffs to incur extensive damages.

## PARTIES, JURISDICTION, AND VENUE

8.     Plaintiff Joyce L. Snyder is a citizen of the United States and resides in Warren County, Ohio.

9.     Plaintiff Kenneth N. Chard is a citizen of the United States and resides in Warren County, Ohio.

10.     Plaintiff John Gutzwiller is a citizen of the United States and resides in Butler County, Ohio.

11.     Defendant is a Delaware limited liability company, with its principal place of business located at 200 Dryden Road, Dresher, Pennsylvania 19025.

12.     This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse (Plaintiffs are citizens of Ohio and Defendant and its members are residents of either Delaware, Pennsylvania or states other than Ohio) and the amount in controversy exceeds $75,000.

13.     This Court has personal jurisdiction over Defendant, as set forth in Ohio Rev. Code § 2307.382(A), because Defendant contracted to purchase and operate, and continues to operate the purchased business in Ohio; and Defendant has contractually agreed to the exclusive

jurisdiction of the state and federal courts located in Warren County, Ohio; and, to the extent

necessary, irrevocably waived any defense of lack of personal jurisdiction.

14.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2) and

1391(c)(2), because a substantial part of the events and omissions giving rise to the claims occurred

in this judicial district and the Defendant may be sued in any judicial district in which it is subject

to personal jurisdiction; and Defendant has contractually agreed to the exclusive venue of the state

and federal courts located in Warren County, Ohio; and, to the extent necessary, irrevocably

waived any defense of lack of venue or inconvenient forum.

## ALLEGATIONS COMMON TO ALL CLAIMS

15.     Prior to April 1, 2018, Snyder, Chard and Gutzwiller collectively owned all of the

issued and outstanding shares of capital stock (the "Shares") of Chard Snyder and were collectively

identified as "Sellers" and each a "Seller" in the Purchase Agreement.

16.     Pursuant to the terms of the Purchase Agreement, Defendant agreed to acquire all

of the Shares of Chard Snyder for "Total Consideration" comprised of; i) a "Closing Payment" of

[Redacted], plus ii) a "Deferred Payment" of [Redacted], plus iii) the "Final Gross Up Amount."

17.     Pursuant to Section 2.2 of the Purchase Agreement, the Deferred Payment, less

"(i) any amounts setoff against the Deferred Payment pursuant to Section 8.04(b) of the Purchase

Agreement, and (ii) the aggregate amount of unsatisfied or disputed indemnification claims for

Losses arising under notices delivered to the Representative [Snyder] pursuant to Section 8.05"

of the Purchase Agreement, was to be paid by Buyer to Sellers, by wire transfer of immediately

available funds, on October 1, 2019 (the "General Survival Date").

18.     Pursuant to the implied covenant of good faith and fair dealing under Delaware law,

implicit within the Purchase Agreement is the requirement that any indemnity claim by Defendant,

and any right of setoff by Defendant must be presented and exercised in good faith.

19.     Pursuant to Section 8.05(b) of the Purchase Agreement, Defendant was required to give the Representative written notice of any claim for indemnity within 20 days after Defendant first became aware of the claim for indemnification.  Sellers are relieved from any obligation to indemnify the Defendants for a claim to the extent that the failure to provide prompt written notice causes Sellers to forfeit any rights or defenses.

20.     Pursuant to Section 8.05(b) of the Purchase Agreement, following the making of any claim for indemnification by Defendant, the Defendant was required to assist the Sellers with investigation of the claim including providing Sellers and their agents with any documents and assistance reasonably requested.

21.     Pursuant to Section 6.12 of the Purchase Agreement: "Following the Closing, each of the parties hereto shall, and shall cause their respective Affiliates to, execute and deliver such additional documents, instruments, conveyances and assurances and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the transactions contemplated by…" the Purchase Agreement.

22.     Pursuant to Section 8.03(b) of the Purchase Agreement: Defendant "…shall indemnify and defend each Seller and each of their respective Affiliates and their respective Agents (collectively, the "Seller Indemnitees") against, and shall hold each of them harmless from and against, and shall pay and reimburse each of them for, any and all Losses incurred or sustained by, or imposed upon, the Seller Indemnitees based upon, arising out of, with respect to or by reason of:  (b) any breach or non-fulfillment of any covenant, agreement or obligation to be performed by Buyer pursuant to this Agreement."

23.     As defined by the Purchase Agreement, "Losses" include but are not limited to "losses, damages,…interest,…fees, costs or expenses of whatever kind, including reasonable attorneys' fees and the cost of enforcing any right to indemnification hereunder…".

24.     On April 2, 2018, the closing occurred, and Seller's transferred the Shares to Defendant effective April 1, 2018.

25.     In correspondence dated December 21, 2018, the Defendant first notified Sellers of an indemnification claim arising out of Section 8.02(i) of the Purchase Agreement and an [Redacted] identified as the "Wasielewski Claim."

26.     The parties have agreed that the Wasielewski Claim totals [Redacted] and should be deducted from the Deferred Payment.  After deduction of the Wasielewski Claim, the balance of the Deferred Payment remaining to be paid to Sellers is $2,718,114.74 (the "Net Deferred Payment").

27.     In a correspondence dated September 27, 2019 (Attached hereto [Redacted])[2], Defendant willfully and knowingly made a series of misrepresentations in order to manufacture three false claims for indemnity and set off, none of which were presented in good faith as defined by Delaware law.

28.     Defendant's false claims for indemnity and set off were willfully and knowingly manufactured for the sole purpose of wrongfully preventing payment of the Net Deferred Payment to Sellers.

---

[2] The September 27, 2019  correspondence also restated the Wasielewski Claim in addition to raising the three false claims for indemnity and set off.

29.     Notwithstanding the falsity of Defendant's claims for indemnity and set off, written notice of Defendant's false claims for indemnity and set off were not promptly provided to Sellers' Representative, which caused Sellers to forfeit rights and defenses.

30.     On October 1, 2019, Defendant failed to pay to Seller's the Net Deferred Payment of $2,718,114.74.

31.     In correspondence dated October 17, 2019 (Attached hereto [Redacted]), Sellers, pursuant to Section 8.05(b) of the Agreement and Sellers' right of investigation and Buyer's obligation to assist said investigation, demanded: "…i) production of true and accurate copies of all information, in such information's native format, which Buyer alleges supports Buyer's claims; ii) an itemized calculation of all damages which Buyer alleges that Buyer has suffered as a direct result of the alleged claims; and iii) true and accurate copies of all information, in said information's native format, which establish the itemized damages for Buyer's claims."

32.     In the correspondence dated October 17, 2019, Sellers also notified Defendant of the claims for indemnification arising out of Defendant's breach of the Purchase Agreement, including Defendant's failure to pay the Net Deferred Payment to Sellers.

33.     In correspondence dated November 18, 2019 (Attached hereto [Redacted]), Defendant, by and through counsel, rejected Sellers claims and misrepresented: "We are in the process of gathering documents and information that support the Claim Notice and Demand Indemnification.  We expect to deliver those documents in the near future.  I will coordinate the delivery directly with you."  To date, Defendant has failed or otherwise refuse to produce any information which in any way support Defendant's false claims for indemnity and set off.

34.     Each of the three false claims for indemnity and set off raised by Defendant incorrectly allege that Sellers breached various representations and warranties. The alleged

breaches did not occur and Defendant raised the false claims knowing that the alleged breaches did not occur.

35.     Each of the three false claims for indemnity and set off were raised by Defendant with the knowledge that the alleged potential damages or Losses were: i) completely speculative and were never incurred or realized;  and/or ii) to the extent any damages or Losses could ever be realized they would be the obligation of a third party and/or would have been caused by Defendants.

36.     Each of Defendant's three false claims for indemnity and set off were not promptly raised and are barred pursuant to the terms of the Purchase Agreement.

37.     Any claim for indemnity and set off by Defendant based in whole or in part upon any recalculation, revision, amendment, audit or any other form of adjustment of any previously agreed upon reconciliation, Cash Reconciliation, Balance Sheet, Interim Balance Sheet or other financial accounting or calculation is barred by the fact that said prior agreed upon reconciliation, Cash Reconciliation, Balance Sheet, Interim Balance Sheet or other financial accounting or calculation is deemed to be final, binding and conclusive pursuant to the terms of the Purchase Agreement.

## COUNT ONE – DECLARATORY JUDGMENT

38.     Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

39.     Sellers and Defendant entered into legally binding and enforceable agreements between the Parties including but not limited to the Purchase Agreement.

40.     Pursuant to Section 2.2 of the Purchase Agreement, on or before October 1, 2019, "(i) any amounts setoff against the Deferred Payment pursuant to Section 8.04(b) of the Purchase

Agreement, and (ii) the aggregate amount of unsatisfied or disputed indemnification claims for Losses arising under notices delivered to the Representative [Snyder] pursuant to Section 8.05" of the Purchase Agreement, was to be paid by Defendant to Sellers, by wire transfer of immediately available funds.

41.     In a correspondence dated September 27, 2019, and solely for the purpose of unlawfully preventing the payment of the Net Deferred Payment to Plaintiffs, Defendant, by and through counsel, willfully alleged three false claims for indemnity and set off, none of which were presented in good faith as defined by Delaware law.

42.     Defendant's indemnity and set off claims are barred by: i) the fact that there has been no inaccuracy in, or breach of, any of the representations and warranties provided to Defendant in the Purchase Agreement;  ii) the alleged potential damages or Losses associated with the three false claims for indemnity and set off  were completely speculative and were never incurred or realized,  and/or to the extent any damages or Losses could ever be realized they would be the obligation of a third party and/or would have been caused by Defendants; iii) each of Defendant's three false claims for indemnity and set off were not promptly raised and are barred pursuant to the terms of the Purchase Agreement; iv) any claim for indemnity and set off by Defendant based in whole or in part upon any recalculation, revision, amendment, audit or any other form of adjustment of any previously agreed upon reconciliation, Cash Reconciliation, Balance Sheet, Interim Balance Sheet or other financial accounting or calculation is barred by the fact that said prior agreed upon reconciliation, Cash Reconciliation, Balance Sheet, Interim Balance Sheet or other financial accounting or calculation is deemed to be final, binding and conclusive pursuant to the terms of the Purchase Agreement; v)  no obligation of indemnification provided by Sellers in the Purchase Agreement has been triggered; and/ or vi) Defendant has not,

and is unable to identify any basis for set off against the Deferred Payment pursuant to Section 8.04(b) of the Purchase Agreement.

43.     Pursuant to the terms of the Purchase Agreement, Sellers are entitled to payment of the Net Deferred Payment plus statutory interest since October 1, 2019.

44.     Pursuant to Section 8.03(b) of the Purchase Agreement, Defendant is obligated to indemnify the Sellers for all Losses arising out of or relating to Defendant's breach or non-fulfillment of any covenant, agreement or obligation to be performed by Defendant's under the Purchase Agreement, including but not limited to, the attorneys' fees, costs, and expenses incurred by Sellers with respect to this litigation and interest at the statutory rate since October 1, 2019.

45.     Defendant has materially breached both the Purchase Agreement by presenting false claims for indemnity and obstructing the payment of the Net Deferred Payment to Sellers in violation of the explicit and implicit terms of the Purchase Agreement created by the duty of good faith and fair dealing.

46.     Plaintiffs have complied with all of its requirements set forth in the Purchase Agreement.

47.     An actual case or controversy exists because Defendant's false claims for indemnity and breach of the Purchase Agreement have prevented payment of the Net Deferred Payment to Plaintiffs. A judgment by this Court would terminate the controversy giving rise to this action.

48.     Pursuant to 28 U.S.C. § 2201, Plaintiffs are entitled to a declaratory judgment which states that:

a.  Defendant's claims for indemnity and set off are barred pursuant to the terms of the Purchase Agreement and as a matter of law;

    b.  Pursuant to the terms of the Purchase Agreement, Plaintiff is entitled to immediate payment of the Net Deferred Payment plus interest at the statutory rate since October 1, 2019;

    c.  Defendant shall indemnify Sellers for all Losses arising out of or relating to Defendant's breach of the Purchase Agreement and the Escrow Agreement, including but not limited to, the reasonable attorneys' fees incurred by Sellers arising out of or relating to this litigation.

### COUNT TWO – BREACH OF CONTRACT
**(Breach of the Purchase Agreement)**

49.    Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

50.    Sellers and Defendant entered into the Purchase Agreement on or about March 19, 2018.

51.    Pursuant to Section 2.2 of the Purchase Agreement, on or before October 1, 2019, "(i) any amounts setoff against the Deferred Payment pursuant to Section 8.04(b) of the Purchase Agreement, and (ii) the aggregate amount of unsatisfied or disputed indemnification claims for Losses arising under notices delivered to the Representative [Snyder] pursuant to Section 8.05" of the Purchase Agreement, was to be paid by Defendant to Sellers, by wire transfer of immediately available funds.

52.    Pursuant to the implied covenant of good faith and fair dealing under Delaware law, implicit within Section 2.2 of the Purchase Agreement is the requirement that any indemnity claim presented by Defendant must be presented in good faith.

53.    In breach of Section 2.2 of the Purchase Agreement and the duty of good faith and fair dealing implicit in Section 2.2 of the Purchase Agreement, in a correspondence dated

September 27, 2019, Defendant, by and through counsel, alleged three false indemnity and set off claims solely for the purpose of wrongfully preventing the payment of the Net Deferred Payment to Plaintiffs.

54.     Defendant's claims for indemnity and set off are barred pursuant to the terms of the Purchase Agreement and as a matter of law

55.     In accordance with the terms of the Purchase Agreement and the duty of good faith and fair dealing, Plaintiffs are entitled to payment of the Net Deferred Payment together with interest at the statutory rate since October 1, 2019.

56.     In breach of Section 8.05(b) of the Purchase Agreement, following the making of Defendant's claim for indemnification, Defendant failed to assist the Sellers with investigation of the claim including providing Sellers and their agents with any documents and assistance reasonably requested.

57.     In breach of Section 6.12 of the Purchase Agreement: "Following the Closing, [Defendant failed] to, execute and deliver such additional documents, instruments, conveyances and assurances and take such further actions as may be reasonably required to carry out the provisions hereof and give effect to the transactions contemplated by…" the Purchase Agreement.

58.     Pursuant to Section 8.03(b) of the Purchase Agreement, Defendant is obligated to indemnify the Sellers for all Losses arising out of or relating to Defendant's breach of the Purchase Agreement, including but not limited to, all lost interest and the fees, costs, expenses and attorneys' fees incurred by Sellers with respect to this litigation.

59.     Plaintiffs have complied with all of their requirements set forth in the Purchase Agreement.

60.     As a direct and proximate result of Defendant's material breach of the Purchase Agreement, Plaintiffs have been damaged in an amount to be determined at trial, but no less than $2,718,114.74, plus interest since October 1, 2019 and all attorneys' fees, costs, and expenses incurred by Plaintiffs.

## COUNT THREE – QUANTUM MERUIT
### (in the alternative)

As a further and separate cause of action, Plaintiffs state in the alternative to Counts One and Two as follows:

61.     Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

62.     Sellers conferred a benefit to Defendant by selling or otherwise transferring 100% of the Shares of Company to Defendant.

63.      Sellers sold or otherwise transferred the Shares to Defendant in reliance upon the representations and promises made by Defendant that Sellers would be compensated in full for the sale/transfer, including payment of the Net Deferred Payment.

64.     Defendant had knowledge of and received the benefit of the sale/transfer of the Shares.

65.     Despite its awareness of receiving such benefit, Defendant still fabricated or otherwise manufactured false indemnification claims to prevent Plaintiffs from being paid the Net Deferred Payment.

66.     Defendant's retention of the benefit of the Shares of Company without Sellers receiving full payment, including but not limited the Net Deferred Payment, plus interest at the statutory rate since October 1, 2019 and all attorneys' fees, costs, and expenses incurred in pursuit of said Net Deferred Payment, would be inequitable and unjust.

## COUNT FOUR – PROMISSORY ESTOPPEL
### (in the alternative)

As a further and separate cause of action, Plaintiffs state in the alternative to Counts One and Two as follows:

67. Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

68. Defendant made clear and unambiguous promises and representations to Sellers in the Purchase Agreement and otherwise, that Defendant would be compensated in full for the sale/transfer of 100% of Shares of Company, including the Deferred Payment. The Deferred Payment would only be reduced by any legitimate claims that Defendant would have for indemnification and set off pursuant to the terms of the Purchase Agreement.

69. As a result of such representations set forth above and throughout this Complaint, Plaintiffs sold or otherwise transferred 100% of the Shares of Company to Defendant.

70. Plaintiffs reasonably relied upon Defendant's promises, representations, and authorizations in selling or otherwise transferring 100% of Shares in Company to Defendant.

71. Defendant should have reasonably expected, and in fact intended, that Plaintiffs would rely upon Defendant's promises and representations in selling or otherwise transferring 100% of the Shares in Company to Defendant.

72. Plaintiffs were damaged by their reliance upon such promises and representations when Defendant presented false indemnification claims in order to prevent Plaintiffs from receiving payment of the Net Deferred Payment.

73. Injustice can be avoided only by enforcement of the promises and representations made by Defendant to compensate Plaintiffs in full for the sale/transfer of the Shares of Company.

## COUNT FIVE – UNJUST ENRICHMENT
### (in the alternative)

As a further and separate cause of action, Plaintiffs state in the alternative to Counts One and Two as follows:

74.    Plaintiff restates each and every allegation set forth above as if fully rewritten herein.

75.    Plaintiffs conferred a benefit to Defendant by through the sale/transfer of 100% of the Shares of Company.

76.    Plaintiffs made such sale/transfer in reliance upon the representations and promises made by Defendant that Plaintiffs would be compensated in full for the sale/transfer of 100% of the Shares of Company.

77.    Defendant had knowledge of and received the benefit of the sale/transfer.

78.    Defendant was aware that Plaintiffs had conferred this benefit on Defendant.

79.    Despite its awareness of receiving such benefit, Defendant made false indemnity claims in order to retain the Net Deferred Payment and all interest earned thereon since October 1, 2019, instead of being paid to Plaintiffs.

80.    Defendant's retention of the benefit of the sale/transfer without providing payment to Plaintiffs in full, including the Net Deferred Payment and all interest earned thereon since October 1, 2019 would be inequitable and unjust.

WHEREFORE, Plaintiffs pray for a judgment against Defendant Ascensus, LLC in the following manner:

a.    As to Count One, a Declaratory Judgment finding that pursuant to the terms of the Purchase Agreement between Plaintiff and Defendant:  i) Defendant's claims for indemnity and set off are barred pursuant to the terms of the Purchase Agreement and

as a matter of law; ii) Pursuant to the terms of the Purchase Agreement, Plaintiff is entitled to immediate payment of the Net Deferred Payment plus interest at the statutory rate since October 1, 2019;  and iii) Defendant shall indemnify the Seller Group for all Losses arising out of or relating to Defendant's breach of the Purchase Agreement and the Escrow Agreement, including but not limited to, the reasonable attorneys' fees incurred by Seller Group arising out of or relating to this litigation;

b. As to Count Two, a judgment in favor of Plaintiff awarding monetary damages in an amount to be determined at trial, but no less than $2,718,114.74, plus interest at the statutory rate since October 1, 2019 and all attorneys' fees, costs, and expenses incurred by Plaintiffs;

c. As to Count Three, an award of compensatory damages in an amount to be determined at trial, but no less than $2,718,114.74, plus interest at the statutory rate since October 1, 2019 and all attorneys' fees, costs, and expenses incurred by Plaintiffs;

d. As to Count Four, an award of compensatory damages in an amount to be determined at trial, but no less than $2,718,114.74, plus interest at the statutory rate since October 1, 2019 and all attorneys' fees, costs, and expenses incurred by Plaintiffs;

e. As to Count Five, an award of compensatory damages in an amount to be determined at trial, but no less than $2,718,114.74, plus earned by Defendants since that date;

f. On all Claims, pre- and post-judgment interest, costs, attorneys' fees, and all other relief at law or in equity which the Court deems proper and just.

Respectfully submitted,

/s/ Peter A. Saba
Peter A. Saba (0055535)
Joshua M. Smith (0092360)
STAGNARO, SABA
& PATTERSON CO., L.P.A.

16

2623 Erie Avenue
Cincinnati, Ohio 45208
(513) 533-2701
(513) 533-2711 (fax)
pas@sspfirm.com
**Attorneys for Plaintiff**